# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08cv565
# (3:06cv115-1)

| | |
|---|---|
| ASHLEY TERRELL BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Grand Jury Minutes (Doc. No. 3); and Petitioner's Motion for Discovery and Inspection (Doc. No. 4).

The record reflects that on December 5, 2008, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 challenging his conviction and sentence under claims of ineffective assistance of counsel, prosecutorial misconduct, involuntarily guilty plea and constitutional violations. (Doc. No. 1). On January 26, 2009, Petitioner amended his Motion to Vacate with additional claims of ineffective assistance of counsel and an allegation of trial court error. (Doc. No. 2). On March 9 and March 27, 2009, Petitioner filed the instant Motions for Grand Jury Minutes and Discovery and Inspection. (Doc. Nos. 3 and 4, respectively).

Petitioner asserts that he needs the grand jury minutes in order to "test the credibility of the [officers] who testified before the Grand Jury." (Doc. No. 3 at 2). Petitioner contends that the minutes will establish that the arresting officers lacked probable cause to arrest and search him because there was no victim/witness who complained that Petitioner had threatened him. Petitioner further contends that the minutes will establish that the officers had no name, address

or physical description for the victim/witness, thereby supporting his contention that the search, seizure and arrest were illegal. (Id. at 2-3).

Rule 6(e) of the Federal Rules of Criminal Procedure provides, in part, that a "court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter (I) preliminarily to or in connection with a judicial proceeding[.]" Fed. R. Crim. P. 6(e)(3)(E)(I). The party requesting such disclosure must make a "strong showing of a particularized need for grand jury materials before any disclosure will be permitted." United States v. Sells Engineering, Inc., 463 U.S. 418, 443 91983). Specifically, the movant must show that "(1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials." United States v. Moussaoui, 483 F.3d 220, 235 (4th Cir. 2007) (citing Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). This showing must be made even when the grand jury whose transcripts are sought has completed its operations as "courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." Douglas Oil Co., 441 U.S. at 222.

Applying the foregoing standards, the Court finds that Petitioner has failed to make the necessary showing to support his Motion. By his first claim, Petitioner alleges that counsel was ineffective for failing to argue that Petitioner's arrest, search and seizure all were unlawful because they resulted from racial profiling by the arresting officers. (Doc. No. 1 at 3). By his Fourth claim, Petitioner alleges that his Fourth Amendment rights were violated when the officers subjected him to an illegal arrest, search and seizure based upon prohibited racial profiling. (Id. at 6). However, Petitioner has failed to proffer any facts in support of his

contention that he was the victim of racial profiling. Rather, Petitioner merely asserts that the arresting officers' department has a "proven past track record" for using fictitious informant or untested information to gain probable cause and to "disguise their racial oppression of black males with possible prior records"; and that law enforcement officers have a "proven practice of manufacturing a fictitious person to justify the profiling of petitioner . . . ." (Id. at 3 and 6). Accordingly, the Court finds that Petitioner's conjecture and speculation fall far short of making a strong showing of a particularized need for the requested grand jury minutes in order to avoid an injustice in the instant collateral proceeding. Therefore, this Motion will be denied.

Petitioner also has filed a Motion for Discovery and Inspection of numerous items, including: all written or recorded statements made by him; the substance of all oral statements made by Petitioner which Respondent intends to offer into evidence; all books, papers, documents, photographs and tangible objects in the possession of Respondent; all *Jencks* and *Brady*/*Giglio* materials; grand jury testimony of the victim; and the name, address and telephone number of each person to whom a photo spread, drawings or line-up/show-ups were shown or were asked in an attempt to identify Petitioner. (Doc. No. 4 at 1-4).

The Court, for good cause, may authorize a party to conduct discovery. Rules Governing § 2255 Proceedings, Rule 6(a), 28 U.S.C.A. foll. § 2255. There is good cause for discovery "when a petition for habeas corpus establishes a prima facie case for relief." United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004) (citing Harris v. Nelson, 394 U.S. 286, 290 (1969). In any case, "[a] party requesting discovery must provide reasons for the request." Rule 6(b), 28 U.S.C.A. foll. § 2255.

In the instant case, Petitioner has not articulated any reason for his voluminous request. Likewise, Petitioner has not established a prima facie case for relief. As such, Petitioner has

3

failed to establish good cause for his request; therefore, his Motion for Discovery and Inspection also will be denied.

**IT IS, THEREFORE, ORDERED** that**:**

1. Petitioner's Motion for Grand Jury Minutes (Doc. No. 3) is **DENIED**; and

2. Petitioner's Motion for Discovery and Inspection (Doc. No. 4) is **DENIED**.

Signed: February 22, 2011

Robert J. Conrad, Jr.
Chief United States District Judge