UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-565-RJC
(3:06-115-RJC-1)

| | |
|---|---|
| ASHLEY TERRELL BROOKS, ) </br> ) </br> Petitioner, ) </br> ) </br> vs. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> _____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's Amended Motion to Vacate Judgment. (Doc. No. 29).

I. **BACKGROUND**

Petitioner filed a *pro se* Motion to Vacate that was docketed in the instant civil case pursuant to 28 U.S.C. § 2255 on December 2, 2008, (Doc. No. 1), and a supplement, (Doc. No. 2), arguing that trial and appellate counsel were ineffective, the prosecutor engaged in misconduct, the guilty plea was involuntary, Petitioner was illegally arrested and searched, 18 U.S.C. § 922(g)(1) is unconstitutional on its face, the Armed Career Criminal Act sentencing enhancement violated due process, and the Court should have removed counsel and appointed a new lawyer for Petitioner. The Court denied the § 2255 motion to vacate on January 11, 2012, because Petitioner's arguments had either been waived or lacked merit. (Doc. No. 20). The Fourth Circuit Court of Appeals dismissed his appeal on May 1, 2012. (Doc. No. 26).

On June 22, 2016, Petitioner filed a "Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60" that was docketed as a separate civil case, number 3:16-cv-508-RJC. The Court dismissed

1

it as an unauthorized successive motion to vacate on August 23, 2016. (3:16-cv-508, Doc. No. 2).

Petitioner filed the instant "Amended Motion to Vacate Judgment" in the instant civil case on August 19, 2016. (Doc. No. 29). He seeks relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure because new Fourth Circuit case law has clarified that he is entitled to relief from his ACCA sentence pursuant to United States v. Newbold, 791 F.3d 455 (4th Cir. 2015). He appears to claim that three of his North Carolina prior offenses should not have counted as ACCA predicates and, therefore, he should be resentenced without the ACCA enhancement.

## II. LEGAL STANDARDS

Rule 60 permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final

2

judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a petitioner satisfies these requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in

3

the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition). "When [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." Winestock, 340 F.3d at 207.

### III.  DISCUSSION

Petitioner seeks Rule 60(b) relief because developments if Fourth Circuit case law allegedly demonstrate that he does not qualify for ACCA sentencing.

Petitioner's argument that there has been a favorable change in Fourth Circuit case law is, in substance, a successive § 2255 claim because it directly attacks his criminal sentence. See Gonzalez, 545 U.S. at 531. Petitioner does not allege that he has obtained leave from the Fourth Circuit to file a successive § 2255 motion to vacate. The present Motion is therefore construed as an unauthorized second or successive § 2255 motion over which the Court lacks jurisdiction. Id.[1]

### IV.  CONCLUSION

For the reasons stated herein, Petitioner's Amended Motion to Vacate seeking Rule 60(b) relief is construed as an unauthorized successive § 2255 motion to vacate that is dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

---

[1] Moreover, Petitioner's reliance on Rule 60(b) is unavailing because he has failed to demonstrate the existence of any extraordinary circumstances warranting relief and he has not shown that he filed his Motion within a reasonable time. The case upon which Petitioner relies, United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), was issued on June 30, 2015, and Petitioner filed the instant Motion more than a year later on August 19, 2016.

1. Petitioner's "Amended Motion to Vacate" (Doc. No. 29), is **DISMISSED** for lack of jurisdiction as an unauthorized successive § 2255 motion to vacate.

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge